UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOENNE McGERR and BELINDA D. STEWART,<br><br>                    Defendants. | NO.  CV-13-5098-LRS<br><br>ORDER DENYING MOTIONS, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE |

BEFORE THE COURT is Plaintiff's 74 page Response, ECF No. 11, to the Order to Show Cause why he should not be denied *in forma pauperis* status, ECF No. 7. In addition, Plaintiff has filed a document titled, "Plaintiff's Motion for Reconsideration (with Oral Argument)" ECF No. 9. This document was apparently filed a second time at the direction of Chief Judge Rosanna Malouf Peterson, ECF No. 10. Plaintiff is proceeding *pro se*; Defendants have not been served.

The Court liberally construes Plaintiff's *pro se* Motions as Motions for Revision under Fed. R. Civ. P. 54(b), and finds that oral argument is not warranted under LR 7.1(h)(3)(B)(iii), Local Rules for the Eastern District of Washington. Plaintiff's Motions were heard without oral argument on the date signed below.

Mr. Entler sought leave to proceed *in forma pauperis* in this action. By his own admission, he has "three strikes' under 28 U.S.C. § 1915(g). The Court has taken

ORDER DENYING MOTIONS, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 1

judicial notice of at least two "strikes" in the Western District of Washington, at least three "strikes" in the Eastern District of Washington, and three apparent "strikes" before the Ninth Circuit Court of Appeals. *See* 08-CV-5695-FDB-JRC, *Entler v. Vail* (dismissed with prejudice **for failure to state a claim** 6/1/09, dismissal affirmed on appeal to Ninth Circuit 7/20/10, **acknowledging that district court properly entered a strike pursuant to 28 U.S.C. § 1915(g),** mandate issued and costs awarded to Eldon Vail 12/13/10); 10-CV-5390-BHS, *Entler v. Van Deren et al.* (**claims deemed frivolous**, denied IFP status, claims dismissed without prejudice 10/4/10, Ninth Circuit deemed **appeal frivolous** 2/10/11, Mandate issued 3/17/11);CV-12-5003-RMP, *Entler v. John Doe et al.* (dismissed with prejudice for failure to state a claim 5/10/12, Ninth Circuit deemed **appeal frivolous**[12-35459] and Mandate issued 11/28/12); CV-12-5010-LRS, *Entler v. Young* (dismissed with prejudice for failure to state a claim 5/30/12, Affirmed on appeal [12-35495] 4/23/13); and CV-12-5076-LRS, *Entler v. Clark*, (dismissed with prejudice for failure to state a claim 10/22/12, Ninth Circuit deemed **appeal frivolous** [12-35940] and Mandate issued 2/26/13).

     In his initial documents, Mr. Entler argued that he should be exempted from the preclusive effects of 28 U.S.C. § 1915(g), based on his assertion that the failure to recognize his "Essene Religion" at the Washington State Penitentiary placed him in "imminent danger of serious physical injury." The Court carefully reviewed Plaintiff's submissions, including the 61 pages of documents comprising the initial complaint, ECF No. 1, and the 17 pages comprising his "Motion for Emergency Ex-Party Temporary TRO," ECF No. 4. The Court found that Mr. Entler failed to present facts showing an imminent danger of serious physical injury.

     He did not allege the deprivation of a medically necessary diet. *See e.g., Jensen v. Knowles*, 621 F.Supp.2d 921 (E.D. Cal. 2008). He did not allege exposure to contagious diseases or an ongoing pattern of dangers to his health. *See e.g., Andrews v. Cervantes*,

ORDER DENYING MOTIONS, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 2

493 F.3d 1047, 1050 (9th Cir. 2007). Rather, Plaintiff appeared to contend that he had been subjected to "starvation" for four days because Defendants McGerr and Stewart had failed to recognized his "Essene Religion" and to authorize the receipt of a religious diet for his "Passover Holiday" between August 23, 2013 and September 12, 2013.

Mr. Entler made no assertion that he had been deprived of nutritionally adequate meals during this period. *McElyea v. Babbitt,* 833 F.2d 196, 198 (9th Cir. 1987). He did not allege that he had experienced substantial and unhealthy weight loss as the result of any alleged dietary restrictions. Accepting Plaintiff's allegations as true, the Court found that Mr. Entler failed to demonstrate that he was "under imminent danger of serious physical injury," as required by 28 U.S.C. § 1915(g), when he submitted his undated complaint on August 27, 2013, ECF No. 1-13.

In the Motions for Revision filed September 27, 2013, and October 1, 2013, Mr. Entler protests that the Court "misapplied *Andrews v. Cervantes*, 498 [sic] F.3d 1047." He argues that he "need only present a [sic] plausible factual circumstances that show a threat of imminent danger of serious physical injury, either that is taking place, ready to take place, or hanging over his head, at the time he filed the complaint." Plaintiff contends, "It is certainly plausible that if defendants conduct was allowed to continue, indefinitely, Mr. Entler would face imminent danger of serious physical injury or death by not eating."

Speculative future injury is not the equivalent of "imminent danger of serious physical injury" at the time the complaint was filed. Plaintiff admits that after he filed his complaint the DOC granted his religious diet. The Court finds no basis to revise the earlier finding that the exemption to 28 U.S.C. § 1915(g) does not apply to Mr. Entler's present complaint. Therefore, **IT IS ORDERED** Plaintiff's Motions, ECF Nos. 9 and 10 are **DENIED.**

Plaintiff's response to the Order to Show Cause is titled, "Plaintiff's Answer to

ORDER DENYING MOTIONS, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 3


Order to Show Cause and Motion and Memorandum of Law in Support of Defense to Liability under 28 U.S.C. § 1915(g)." Plaintiff again seeks a hearing with oral argument. The Court finds oral argument is not warranted under LR 7.1(h)(3)(B)(iii). Plaintiff states that he is asserting "the merits defense of Noerr-Pennington Immunity to liability under 28 U.S.C. § 1915(g)" and asks that he be allowed to proceed *in forma pauperis*.

This Court cannot conceive how a doctrine of antitrust law applies to prisoner litigation. Contrary to his assertions, Plaintiff's arguments do not entitle him to an exemption of the preclusive effects of 28 U.S.C. § 1915(g). The three strikes provision under 28 U.S.C. § 1915(g) is constitutional. *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir.1999).

Mr. Entler has disqualified himself from the privilege of proceeding *in forma pauperis* by his past litigation activities of filing complaints and appeals which either failed to state a claim upon which relief could be granted or which were frivolous. His present assertions regarding the validity of his prior lawsuits are belied by the rulings of the District Courts and the Ninth Circuit Court of Appeals. For the reasons set forth above and in the Court's prior Order, **IT IS ORDERED** Plaintiff's application to proceed *in forma pauperis* is **DENIED.**

Although granted the opportunity to pay the full filing fee of $400.00 ($350.00 filing fee plus $50.00 administration fee) for this action, Plaintiff did not do so. Therefore, **IT IS ORDERED** this action is **DISMISSED without prejudice** for failure to comply with the filing fee provisions of 28 U.S.C. § 1914. All pending Motions are

//
//
//
//
//

ORDER DENYING MOTIONS, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 4

**DENIED as moot.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff, and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this   22nd   day of October, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE